UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
        §
HILL A SEGURA § Case No. 12-32169
        §
        Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]            $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/N. Neville Reid, Trustee_____
                                                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-32169 | CAD | Judge: | Carol A. Doyle | Trustee Name: | N. Neville Reid, Trustee |
| Case Name: | HILL A SEGURA | | | | Date Filed (f) or Converted (c): | 08/14/2012 (f) |
| | | | | | 341(a) Meeting Date: | 10/11/2012 |
| For Period Ending: | 10/10/2014 | | | | Claims Bar Date: | 06/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. FINANCIAL ACCOUNTS<br><br>Checking account - Bank of America | 100.00 | 0.00 | | 0.00 | FA |
| 2. HOUSEHOLD GOODS<br><br>Miscellaneous household goods, furniture & furnishings. | 800.00 | 0.00 | | 0.00 | FA |
| 3. WEARING APPAREL | 50.00 | 0.00 | | 0.00 | FA |
| 4. CONTINGENT CLAIMS (u)<br><br>Debtor has an EEOC employment discrimination case against a former employer. Debtor's pro bono attorney is kevin Tottis, 211 W. Wacker Dr., Ste 1200, Chicago, IL 60606 312-920-9550<br><br>Note, the $15,000 exemption was disallowed on 12-12-12 [Dkt. 17] | Unknown | 17,000.00 | | 17,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $950.00 | $17,000.00 | | $17,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Status April 2014:  Settled employment lawsuit for $17,000 and negotiated through counsel a withdrawal of secured claim of Toyota. Withdrawal of that claim will likely create a surplus estate. Expect to file TFR by May 31, 2014.

Initial Projected Date of Final Report (TFR): 12/30/2014       Current Projected Date of Final Report (TFR): 09/30/2014

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 12-32169 | Trustee Name: N. Neville Reid, Trustee |
| Case Name: HILL A SEGURA | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX3687 |
| | Checking Account (Non-Interest Earn |
| Taxpayer ID No: XX-XXX2666 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 10/10/2014 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/15/13 | 4 | STALLION HOLDINGS, LLC  2017 North FreemontChicago, IL 60614 | Settlement Employment Claim | 1249-000 | $17,000.00 | | $17,000.00 |
| 09/09/13 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $13.86 | $16,986.14 |
| 04/07/14 | 300001 | INTERNATIONAL SURETIES, LTD.  Suite 420701 Poydras StreetNew Orleans, LA  70139504-581-6404 | Blanket Bond Disbursement  Term:  02/01/14 to 02/01/15  Blanket Bond Amount $71,065,000.00  Liberty Mutual Insurance Company  Bond # 016016455 | 2300-000 | | $7.57 | $16,978.57 |
| 05/14/14 | 300002 | ILLINOIS DEPARTMENT OF REVENUE  P.O. Box 19053Springfield, IL  62794-9053 | For Year Ending December 31, 2013  2013-IL-1041-V   FEIN 46-6642666 | 2810-000 | | $74.00 | $16,904.57 |

| | | |
|---|---|---|
| COLUMN TOTALS | $17,000.00 | $95.43 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $17,000.00 | $95.43 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $17,000.00 | $95.43 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*        Page Subtotals:        $17,000.00        $95.43

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX3687 - Checking Account (Non-Interest Earn | $17,000.00 | $95.43 | $16,904.57 |
| | $17,000.00 | $95.43 | $16,904.57 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $17,000.00 |
| Total Gross Receipts: | $17,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-32169-CAD
Debtor Name: HILL A SEGURA
Claims Bar Date: 6/14/2013

Date: October 10, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 1 3210 | SPRINGER BROWN, LLC<br>400 South County Farm Road<br>Suite 330<br>Wheaton, IL 60187 | Administrative | | $0.00 | $11,018.00 | $11,018.00 |
| 1 3410 | LOIS WEST<br>Popowcer Katten, Ltd.<br>35 E. Wacker Dr. Suite 1550<br>Chicago, IL 60601 | Administrative | | $0.00 | $980.00 | $980.00 |
| 3 50 4220 | TOYOTA MOTOR CREDIT CORPORATION (TM<br>PO BOX 8026<br>Cedar Rapids, Iowa 52408-8026 | Secured | | $0.00 | $0.00 | $0.00 |
| 1 70 7100 | CAPITAL ONE BANK (USA) N. A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | (1-1) modified on 1/8/13 to correct creditor name/address (nm) | $1,463.00 | $1,716.25 | $1,716.25 |
| 2 70 7100 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>GE MONEY BANK, F.S.B. (Sams Club)<br>by PRA Receivables Management LLC<br>PO Box 41067<br>Norfolk, VA 23541 | Unsecured | (2-1) modified on 3/19/13 to correct creditors address (nm) | $742.00 | $741.54 | $741.54 |
| 100 2100 | N. NEVILLE REID<br>200 W. MADISON, SUITE 3000<br>CHICAGO, IL 60606 | Administrative | | $0.00 | $2,450.00 | $2,450.00 |
| 999 2300 | INTERNATIONAL SURETIES, LTD.<br>INTERNATIONAL SURETIES, LTD. | Administrative | | $0.00 | $7.57 | $7.57 |
| 999 2810 | ILLINOIS DEPARTMENT OF REVENUE<br>P.O. Box 19053<br>Springfield, IL 62794-9053 | Administrative | | $0.00 | $74.00 | $74.00 |
| | Case Totals | | | $2,205.00 | $16,987.36 | $16,987.36 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1                                               Printed: October 10, 2014

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-32169
Case Name: HILL A SEGURA
Trustee Name: N. Neville Reid, Trustee

Balance on hand $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 3 | TOYOTA MOTOR CREDIT CORPORATION (TM | $ | $ | $ | $ |

Total to be paid to secured creditors $

Remaining Balance $

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. NEVILLE REID | $ | $ | $ |
| Attorney for Trustee Fees: SPRINGER BROWN, LLC | $ | $ | $ |
| Accountant for Trustee Fees: LOIS WEST | $ | $ | $ |
| Other: ILLINOIS DEPARTMENT OF REVENUE | $ | $ | $ |
| Other: INTERNATIONAL SURETIES, LTD. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $

Remaining Balance $

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | CAPITAL ONE BANK (USA) N. A. | $ | $ | $ |
| 2 | PORTFOLIO RECOVERY ASSOCIATES, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors         $_____

Remaining Balance         $_____

   Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE